**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HOTEL MANAGEMENT GROUP, INC.,**

      **Plaintiff,**

-vs-                                                    Case No. 6:07-cv-488-Orl-22DAB

**CC, LLC; LEGACY GRAND HOLDINGS, LLC;**
**PLAZA PARTNERS, LLC; RALPH**
**KIRKLAND; and SCOTT A. SHAW,**

      **Defendants.**
_____/

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO COMPEL (Doc. No. 52)**
>
> **FILED:**       April 30, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

According to the papers, filed on the last day of the discovery period, Plaintiff seeks to compel Defendants to attend a deposition which Plaintiff failed to notice under Rule 30(b)(1). The parties agree that, even though discovery was set to close on April 30, Plaintiff's counsel first contacted Defendants via email on April 8, 2008 regarding setting a date for Defendants' deposition. As Defendants' principals were unavailable at the time suggested by Plaintiff, defense counsel offered to produce the deponents on May 1. Plaintiff declined, and now seeks a Court order compelling the depositions "at a mutually convenient date, time and location post-the expiration of the discovery

deadline" or as an alternative, sanction Defendants "for failing to make themselves available for deposition during the discovery period. . ." The Court declines to grant relief.

Rule 30, Federal Rules of Civil Procedure, provides, in pertinent part:

**(b) Notice of the Deposition; Other Formal Requirements**.

*(1) Notice in General*. A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition, and, if known , the deponent's name and address.

There is no question that this applies to party deponents. *See* Rule 30 (b)(2), noting that a notice to a party deponent may be accompanied by a request under Rule 34 to produce documents. Here, although the parties attempted to negotiate an acceptable time and date for the depositions, no date was ever selected and no notice was ever given. As such, there is nothing for the Court to "compel."

Similarly, sanctions are inappropriate. Rule 37, Federal Rules of Civil Procedure, provides that "the court where the action is pending may, on motion, order sanctions if: (i) a party of a party's officer, director or managing agent . . .fails, *after being served with proper notice*, to appear for that person's deposition . . ." Rule 37(d)(1)(A) (emphasis added).

Notwithstanding the above, the parties are free to stipulate to the taking of any depositions, pursuant to Rule 29.

**DONE** and **ORDERED** in Orlando, Florida on May 5, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record